City of New York Insurance Company instituted this suit to recover from R.E. Walker $192.50, with legal interest thereon from judicial demand until paid. It alleged that it insured against damage by collision an automobile owned by C.M. Roberson, and that while said policy was in full force and effect, the defendant herein drove his automobile into the Roberson car and completely wrecked it. It further alleged that on account of said accident and damage to the Roberson car, it paid under the terms of the policy of insurance to Roberson the amount sought to be recovered here from defendant.
Plaintiff further alleged the accident and damage were caused by the negligence of defendant and that he promptly admitted his negligence and liability for the damage done the Roberson car. It alleged its authority and capacity to bring this suit in Article 15 of its petition, which is as follows: "That petitioner is fully authorized to file suit in its name in these proceedings for and on behalf of said C.M. Roberson, it having been appointed as his agent and duly authorized to sue in its own name for the amount herein claimed through a duly *Page 733 
authenticated instrument dated September 19, 1941, signed by the said C.M. Roberson, all as will more fully appear from the original said instrument as if written herein in extenso, which is attached hereto and made a part hereof."
The instrument referred to reads as follows:
 "Loan Receipt
"September 19, 1941
"Received from the City of New York Insurance Company (hereinafter referred to as Company) the sum of ONE HUNDRED SIXTY-FOUR and 70/100 DOLLARS ($164.70), as a loan without interest, repayable only in the event and to the extent of any net recovery the undersigned may make from any person, persons, corporation or corporations, or other parties, causing or liable for the loss or damage to the property described below, or from any other insurance effected on such property, and as security for such payment the undersigned hereby pledges to the said `company' all his, its or their claim or claims against said person, persons, corporation or corporations, or other parties, or from any insurance carrier or carriers, and any recovery thereon, and hereby delivers to said `company' all documents necessary to show his, its or their interest in said property.
"The undersigned covenants that no settlement has been made by the undersigned with any person, persons, corporation or corporations, or other parties against whom a claim may lie, and no release has been given to anyone responsible for such loss and that no such settlement will be made, nor release given without the written consent of the said company; and the undersigned covenants and agrees to cooperate fully with said company, to promptly present claim and, if necessary, to commence, enter into and prosecute suit against such person or persons, corporation or corporations, or other parties, through whose negligence or fault the aforesaid loss was caused, or who may otherwise be responsible therefor, with all due diligence in his, its or their own name.
"In further consideration of said advance, the undersigned hereby guarantee(s) that he, it or they are the owner(s) of said property and entitled to recover upon said claim for loss or damage thereto, and hereby appoint(s) the managers and/or agents of the said `company' and their successors severally, his, its or their agent(s) and attorney(s)-in-fact, with irrevocable power, to collect any such claim or claims, and to begin, prosecute, compromise or withdraw in his, its or their name, but at the expense of the said `company', any and all legal proceedings that the said company may deem necessary to enforce such claim or claims, and to execute in the name of the undersigned any documents that may be necessary to carry the same into effect for the purposes of this agreement.
"Any legal proceedings are to be under the exclusive direction and control of said `company'.
"The property hereinabove set forth is as follows:
"In witness whereof C.M. Roberson has affixed his hand and seal (or the (name of corporation) has caused this instrument to be signed by its duly authorized officer and the seal of the corporation affixed thereto.)
"This 19th day of September, 1941.
"(Signed) C.M. Roberson."
Defendant filed exceptions of no cause of action, no right of action and lack of authority vested in plaintiff to prosecute this suit. The lower Court, as shown by the judgment, sustained the exception of no cause of action and dismissed plaintiff's suit as of nonsuit. Plaintiff is now prosecuting this appeal.
The minutes of the Court show that the lower Court sustained the exception of no cause of action and also the exception of want of authority to sue. Both counsel for plaintiff and defendant state in their briefs that the lower Court's opinion was based on the want of authority to sue under the instrument relied upon by plaintiff. Article 2997 of the Revised Civil Code, under the title "Mandate", entitled "Acts for which express power required", provides —
"Thus the power must be express and special for the following purposes: * * *
"To make a transaction in matters of litigation; and in general where things to be done are not merely acts of administration, or such as facilitate such acts."
Plaintiff does not sue as subrogee of Roberson, but sues as his agent under the written instrument which it contends authorizes it. It must be noted that the instrument does not name the party to be sued nor does it describe the property, the damage to which is attempted to be recovered in this suit. The instrument has a blank space for the description of the property, the damage to which was to be the subject of the litigation, and the name *Page 734 
of the party or parties to be sued. This space was left blank.
There is nothing in this record to show the intention of Roberson in signing this document and we cannot go beyond the instrument itself. The authority to file and prosecute this suit, which plaintiff claims is given it by this instrument is not expressed therein, and the exception of want of authority to file and prosecute this suit should have been the basis of the judgment below. Whether plaintiff has a cause of action is not shown, but we are of the opinion that under the instrument relied upon by plaintiff, it is without right to sue in this case.
It therefore follows that the exception to the authority of plaintiff to sue and stand in judgment in this case is sustained and its suit is dismissed; all costs to be paid by appellant.